PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
MULLINS & TRENCHAK ATTORNEYS AT LAW
1614 S. Maryland Pkwy.
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
*Attorney for Plaintiff Skye Kuka*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SKYE KUKA, an individual,<br><br>               Plaintiff,<br><br>vs.<br><br>STRATOSPHERE GAMING, LLC dba STRATOSPHERE TOWER CASINO & HOTEL – TOP OF THE WORLD, a limited liability company;<br><br>               Defendant. | CASE NO.:<br><br>DEPT NO.:<br><br>**COMPLAINT**<br>*(Jury Trial Demanded)* |

COMES NOW Plaintiff, SKYE KUKA, by and through her attorney Philip J. Trenchak, Esq. of Mullins & Trenchak, Attorneys at Law, and hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages arising under Gender Discrimination in violation of State and Federal Statutes (Title VII), The Americans with Disabilities Act ("The ADA"), the Family Medical Leave Act ("FMLA"), ADA retaliation and/or FMLA retaliation and/or retaliation for the NERC/EEOC charges filed against Defendant herein and former employer.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a)(4)(civil rights action) and 42 U.S.C. §2000e-5(f)(3)(unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state

1

law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of her age, sex and retaliation as a continuing action. This was done within 300 days of the incident giving rise to this complaint.

5. Thereafter, Plaintiff's attorney received SKYE KUKA's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

6. This action is being filed within 90 days of the EEOC "Right to Sue" Letter being received by Plaintiff's Counsel. Therefore, this action is timely.

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## PARTIES

8. Plaintiff Skye Kuka (hereinafter "Plaintiff," "Ms. Kuka" or "Skye Kuka" or "Skye") is and was at all times relevant hereto, a resident of the County of Clark, State of Nevada.

9. Upon information and belief, Defendant STRATOSPHERE GAMING, LLC dba STRATOSPHERE TOWER CASINO & HOTEL – TOP OF THE WORLD (hereinafter "Defendant" or "Top of The World" or "The Stratosphere") is and was at all times relevant hereto, a domestic limited liability company of the County of Clark, State of Nevada.

## GENERAL ALLEGATIONS

10. Plaintiff had been employed by Top of The World beginning on June 19, 2000 until she was unlawfully terminated on or about April 2, 2019.

11. At all times mentioned herein, Plaintiff was employed by the Stratosphere.

12. Plaintiff had suffered harassment and bullying at the hands of male management at the Stratosphere.

2

13. Plaintiff had made EEOC Charges on November 30, 2017.

14. Plaintiff had taken Family Medical Leave Act Leave for a large portion of 2017, and ending on February 24, 2018.

15. Plaintiff reached a resolution to the EEOC Charge that had been filed against Defendant on or about November 30, 2017, which was supposedly resolved in the summer of 2018.

16. On or about March of 2019, Plaintiff was suspended pending an investigation for an alleged incident that occurred which was referred to as "falsification of records."

17. Plaintiff was later terminated on or about April 2, 2019.

18. Plaintiff filed a renewed EEOC Charge alleging retaliation for the first charge. ~~See Exhibit A, Right to Sue Notice.~~

19. Plaintiff attempted to mediate the underlying charge, but no resolution was reached on or about December 20, 2019.

20. Plaintiff believes the stated reasons for termination to be pretextual, and that her termination was retaliatory for the EEOC Charges against Defendant, as well as for further reasons discussed herein.

21. Discovery will be required to determine the reason for the discharge, because the stated reason is inadequate to justify terminating Ms. Kuka after approximately a nineteen (19) year career with Defendant.

22. Plaintiff further alleges as follows hereunder.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Gender in violation of State and Federal Statutes)**

23. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

24. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on gender.

25. Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

3

26. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff to disparate terms of employment.

27. Defendant discriminated against Plaintiff when it retained as employees, male managers who continued to subject Plaintiff to discrimination in the workplace.

28. No other similarly situated persons, i.e. male employees, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

29. Notwithstanding the foregoing difficulties, Plaintiff performed her job satisfactorily.

30. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

31. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

32. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including, but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

33. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

34. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

35. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

36. As a direct and proximate result of the unlawful conduct by Defendant, either directly or indirectly through its employees, Plaintiff suffers and continues to suffer thousands of dollars in the form of lost income and loss of benefits and additional amounts of money she would have received had said Defendant not violated her rights.

37. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
**(Discrimination Based on Disability in violation of State and Federal Statutes)**

38. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

39. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on Disability.

40. Plaintiff was granted an "ADA Leave" according to Defendant's internal documents, wherein Plaintiff was returning back to work on February 24, 2018.

41. Plaintiff informed Defendant she had a disability affecting a major life function and a Reasonable Accommodation had been put into place for Ms. Kuka so that she was able to perform the basic functions of her position.

42. Plaintiff is a qualified individual able to perform her job tasks, and has effectively performed her job for nineteen (19) years.

43. Plaintiff is a qualified individual with a disability that is able to perform the essential functions of her job with a reasonable accommodation.

44. Defendant was aware of the disability and Plaintiff had a reasonable accommodation to assist her in performing the essential functions of her position.

45. Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

46. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon Disability.

47. No other similarly situated persons, not of Ms. Kuka's protected class, were subject to the same or substantially similar treatment.

48. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses, and other damages which will be more fully described at the time of trial.

5

49. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

50. Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety manifesting as panic attacks, and depression resulting from this unlawful discrimination by her employer.

51. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

52. Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

53. Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

54. Plaintiff is entitled to an award of reasonable attorney's fees.

55. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

56. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA))**

57. Plaintiff repeats, re-alleges, and incorporates herein by reference, the allegations contained in the foregoing paragraphs as though fully set forth herein.

58. The Family and Medical Leave Act applies to employers that meet the following requirements:

   a. Employees at companies with 50 or more employees who work within 75 miles of the primary work site.

   b. Employees must have worked at the company for at least 12 months (for at least 1,250 hours in those 12 months) before they can take leave under FMLA.

59. Plaintiff did work for the Plaintiff for nineteen (19) years.

60. Plaintiff was unlawfully terminated on or about April 2, 2019.

6

61. Plaintiff had taken FMLA Leave the year before she was unlawfully terminated.

62. Plaintiff believes that she was terminated in retaliation for taking her FMLA Leave.

63. Plaintiff was terminated for alleged violation of the Employer's guidelines.

64. This violation did not occur, but Plaintiff was terminated regardless.

65. Plaintiff's FMLA rights were violated as outlined above.

66. Plaintiff was required to retain counsel to prosecute this FMLA violation cause of action and is entitled to an award of reasonable attorney's fees and costs.

**FOURTH CAUSE OF ACTION**
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)**

67. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

68. In violation of 42 U.S.C § 2000e-3, Defendant retaliated against Plaintiff after she had filed an EEOC charge against her employer/Defendant herein, which resolved in the summer of 2018.

69. This discharge occurred following "ADA Leave" which can also be defined as FMLA Leave.

70. The behavior complained of also constitutes retaliatory discrimination.

71. Plaintiff has filed an EEOC Charge which was resolved in the summer of 2018.

72. Approximately seven (7) months after the EEOC charge allegedly resolved, Plaintiff was unlawfully terminated.

73. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

74. The aforementioned actions and conduct by Defendant constitutes illegal retaliation which is prohibited by federal and state statutes.

75. Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

76. Plaintiff had to engage the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

///

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

## ON ALL CAUSES OF ACTION

1. For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2. For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3. For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4. For attorney's fees and costs incurred;

5. For all damages in an amount to be proved at trial;

6. For costs of suit herein incurred;

7. For reasonable interest on amounts due; and,

8. For any such other and further relief as this Court deems just and proper.

DATED this 27th day of July, 2020.

        **MULLINS & TRENCHAK, ATTORNEYS AT LAW**

        /s/ Phil Trenchak
        Philip J. Trenchak, Esq.
        Nevada Bar No. 009924
        Mullins & Trenchak, Attorneys at Law
        1614 S. Maryland Parkway
        Las Vegas, NV 89104

## PLAINTIFF'S JURY DEMAND

Plaintiff, SKYE KUKA, by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 27th day of July 2020.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Phil Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
*Attorneys for Plaintiff*

# Exhibit A

Right to sue letter

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Skye Kuka<br>8537 Sierra Cima Lane<br>Las Vegas, NV 89128 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-00850 | Karrie L. Maeda,<br>**State & Local Coordinator** | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                                     On behalf of the Commission

                                     *[signature]*                 April 27, 2020

Enclosures(s)                    **Rosa M. Viramontes,**                 *(Date Mailed)*
                                           **District Director**

cc:    **Human Resources**
      **Human Resources Director**
      **STRATOSPHERE**
      **2000 South Las Vegas Blvd.**
      **Las Vegas, NV 89104**

Philip J. Trenchak, Esq.
MULLINS & TRENCHAK, ATTORNEYS AT LAW
1614 S. Maryland Pkwy.
Las Vegas, NV 8910